PEOPLE *v.* HAIST

CRIMINAL LAW—DUE PROCESS—RIGHT TO ASSISTANCE OF COUNSEL—
   WAIVER.
   Failure of the trial court to advise defendant of his constitutional
      right to court-appointed counsel, either before pleading guilty
      or at his sentencing, prevents the Court of Appeals from
      concluding that defendant knowingly waived such assistance,
      and therefore defendant's conviction must be reversed.

Appeal from Allegan, Chester A. Ray, J. Submitted Division 3 March 10, 1969, at Grand Rapids. (Docket No. 4,280.) Decided March 28, 1969.

Edward William Haist was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Reversed.

*Edward Read Barton,* for defendant on appeal.

BEFORE: McGREGOR, P. J., and R. B. BURNS and DANHOF, JJ.

PER CURIAM. Defendant pled guilty to breaking and entering with intent to commit larceny, CL

REFERENCES FOR POINTS IN HEADNOTE
16 Am Jur 2d, Constitutional Law § 573.
21 Am Jur 2d, Criminal Law §§ 316, 317.
Workmen's compensation: right to compensation as affected by
   fact that injured employee earns, or is offered, as much as,
   or more than, before the injury. 149 ALR 445.
Duty to advise accused as to right to assistance of counsel. 3
   ALR2d 1003.

1948, § 750.110 as amended by PA 1964, No 133 (Stat Ann 1968 Cum Supp § 28.305), and on appeal contends that the manner in which the lower court accepted his plea effectively denied him his right to counsel. The record discloses that the court did not advise defendant of his constitutional right to court-appointed counsel, either before pleading or at his sentencing. GCR 1963, 785.3(1). Without recorded evidence of defendant's knowledge of his right to appointed counsel, we cannot conclude he knowingly waived it.

Conviction reversed and remanded for a new trial.